h MURRAY, Judge.
Schwegmann Giant Super Markets, Inc. (Schwegmann) appeals a judgment awarding Carolyn Magee $3,627.00 plus interest and costs. While shopping at the Schwegmann supermarket on Bullard Avenue, Mrs. Magee slipped and fell. She filed suit and the case was tried to the court. At the close of Mrs. Magee’s case, Schwegmann moved for involuntary dismissal on the basis that she had failed to prove that Schwegmann had constructive notice of the condition that caused her to fall. When the trial court denied the motion, Schwegmann rested without calling any witnesses. The court then rendered judgment in favor of the plaintiff, without written reasons. Schwegmann timely appealed.
FACTS
On August 4, 1991, at around 9:45 a.m., Mrs. Magee and her husband stopped at Schwegmann’s Giant Supermarket on Bul-lard Avenue on their way home from church services. After being in the store no more than ten minutes, Mrs. Magee slipped while walking from the meat department, past the frozen |2foods to the check-out line. Mrs. Magee testified that her left foot slipped on something on the floor, causing her to fall to her right knee and right hand.
Mr. Magee testified that his wife fell as they left the meat department, near the produce section. As he and another shopper helped Mrs. Magee off the floor, they noticed a piece of parsley crushed onto the sole of her shoe. He stated that prior to her fall Mrs. Magee had no trouble walking, and that neither he nor his wife had noticed any foreign substance on the supermarket floor.
A store security guard brought a wheel chair to assist Mrs. Magee in getting to the store office where an accident report was completed. Neither she nor her husband were asked to show any store employee exactly where she had fallen. Mr. and Mrs. Magee testified that they did not know how long the parsley had been on the floor. Mr. Magee testified that, after the accident, he did not see anyone inspect or clean the area where his wife had fallen.
Mr. Julio Calix was the assistant director at that Schwegmann store and the most senior employee on duty when the accident occurred. He testified that Schwegmann employs utilities personnel who are responsible for inspection and clean-up of all floors and walkways in the store. The utilities personnel roam and inspect particular zones of the store to which they are assigned, and also are notified over the intercom if there is an area that requires cleaning. There are no schedules for store inspections nor are records kept of clean-ups by the utilities person *129 nel. Mr. Calix further stated while the produce section is carpeted, the rest of the store had non-skid “tarsal” floors, treated with a polisher and sealant to give it a smooth, shiny finish. These floors were mopped as needed and cleaned every night.
|3Mr. Calix testified that there were four utilities workers on duty that morning. Additionally, he had walked through the store approximately fifteen to twenty minutes pri- or to Mrs. Magee’s accident and saw no foreign substances on the floors. There are no records to substantiate his inspection, which he said took about ten minutes. Mr. Calix stated that parsley was sold at the back of the produce department near the meat counter, and agreed that it was a slippery substance if found on the floor. He testified that, after being notified of Mrs. Magee’s accident, he did not conduct an investigation to determine the cause of the accident: no employee inspected the area where Mrs. Ma-gee had fallen; no photographs were taken of the area; no one was interviewed about the accident. Nor was anyone assigned to clean the area. Mr. Calix stated that there had been no prior complaints of foreign substances on the floor that morning, but also admitted that no records are kept of such complaints.
Schwegmann’s Customer Accident Report was admitted into evidence without objection. This document shows that Mrs. Magee fell at 9:50 a.m. by the meat counter. Where the form asks for the “Product or Item Involved,” someone filled in “Parsley (one leaf).”
DISCUSSION
Schwegmann asserts two assignments of error: (1) the trial court abused its discretion in denying a motion for involuntary dismissal under La.Code Civ.Proe.Ann. art. 1672 B, and (2) the trial court committed manifest error when it concluded that Schwegmann had constructive notice of the foreign substance on the floor prior to Mrs. Magee’s fall. On appeal, defendant makes the same arguments urged in the trial court in support of the motion for involuntary dismissal.
[/The standard to be employed by the trial judge in determining if a dismissal is appropriate under Article 1672 B is whether, after evaluating and weighing the evidence, the plaintiff has established a prima facie case by a preponderance of the evidence. Morgan v. City of New Orleans, 94-0874, p. 2 (La.App. 4th Cir. 12/5/94), 647 So.2d 1308, 1310, writ denied, 95-0150 (La. 3/30/95), 651 So.2d 859. The plaintiff has proven a certain fact by a preponderance of the evidence if, taking the evidence as a whole, such proof shows that what is sought to be proved is more probable than not. Hutzler v. Cole, 93-0486, p. - (La.App. 1st Cir. 3/11/94), 633 So.2d 1319, 1324, writ denied, 94-0850 (La. 5/13/94), 637 So.2d 1070. Since the evidence considered by the trial court in ruling on Schwegmann’s motion for involuntary dismissal is the same evidence it considered in rendering judgment in favor of Mrs. Magee, the issue raised on appeal is whether the plaintiff met the burden imposed upon her in order to prevail in this suit.
La.Rev.Stat.Ann. § 9:2800.6 governs slip and fall cases occurring on a merchant’s premises. In 1990, the statute was amended to specify that in order to prevail, the plaintiff must prove: (1) that the condition causing the accident presented a unreasonable risk of harm and the risk was reasonably foreseeable; (2) that the merchant either created the condition or had actual or constructive notice of the condition causing the accident; and (3) that reasonable care was not exercised by the merchant. Constructive notice exists when “the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” La.Rev.Stat.Ann. § 9:2800.6 C(l).
Moving for an involuntary dismissal, Schwegmann argued that Mrs. Magee failed to prove a prima facie case because neither she nor her husband knew how | dong the parsley had been on the floor. Defendant asserted that without such evidence, it had not been shown to be more probable than not that the dangerous condition had existed for an unreasonable length of time. Schweg-mann thus contended that a plaintiff cannot carry her burden under the amended statute *130 without direct evidence of notice, either actual or constructive.
However, this stringent interpretation of § 9:2800.6 was rejected by our Supreme Court in Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309, in which a jury verdict was reinstated in favor of the plaintiff who had slipped on cooking oil. In Welch, as here, there was no evidence of how long the hazardous condition had existed, but a store manager said he had not seen anything on the floor only five minutes before the plaintiff fell. Like Schwegmann’s, the store had no specific policy concerning the frequency or method of inspections, relying instead on management’s walk-throughs and the vigilance of service clerks to detect potential dangers. The Court found that this absence of “consistent inspection procedures designed to discover such a dangerous condition” allowed the factfinder to reasonably conclude “that the oil was on the floor for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” Id., 94-2331, pp. 17-18, 655 So.2d at 318-19. Reasoning that the amended statute applied the standards of traditional tort law, the evidence was therefore sufficient to establish that the defendant had constructive notice of the cooking oil that had caused the plaintiff to fall.
In this case, Mr. Calix testified that he walked through the store some fifteen to twenty minutes prior to the accident and saw nothing on the floors. In addition, he stated that there were four employees on duty that morning to inspect and maintain the floors and walkways of the store. However, no records were 16kept or written standards set to ensure that regular and thorough inspections were actually conducted. While it is true that, unlike the cooking oil involved in Welch, a piece of parsley is more visible to someone scanning for debris, Mr. Calix agreed that this product was kept moist and would present a hazard if on the floor. Significantly, the produce department had carpeting to reduce the chances of someone slipping, but the nearby meat department, where Mrs. Magee fell, did not.
On this evidence, the trial court concluded that, in fact, no reasonable effort had been made to discover and correct hazardous conditions. The trial court reasonably could have concluded that Mr. Calix’s testimony was not sufficient to prove that his inspection of the area where the fall occurred was adequate to detect the presence of a small piece of parsley. Moreover, the trial court could have found that the inspection procedures outlined were insufficient for the area where the fall occurred, given the nature of the product found at the meat counter and the close proximity to the produce department. And, as the Supreme Court held in Welch, such evidence is sufficient to prove that Schwegmann had constructive notice of the hazard because it “existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care,” as required by the amended statute.
The trial court is vested with much discretion in assessing the credibility of witnesses and making factual inferences from the evidence presented. Davis v. Schwegmann Giant Super Markets, 92-2051, p. - (La.App. 4th Cir. 1/13/94), 631 So.2d 479, 484. The conclusion that Schwegmann had constructive notice of the condition was a factual finding. An appellate court cannot reverse a trial court’s decision based on factual findings and reasonable evaluations of credibility |7unless those conclusions are clearly wrong. Stobart v. State through Dept. of Transportation & Development, 617 So.2d 880 (La.1993); see also Rosell v. ESCO, 549 So.2d 840 (La.1989). Manifest error can only be found when the record reflects that there exists no reasonable factual basis for the finding of the trial court and that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987). Upon review of this record in light of the standards set forth in Welch, we do not find that the trial court’s conclusions were clearly wrong or manifestly erroneous. We therefore affirm the judgment in favor of Mrs. Magee, at appellant’s cost.
AFFIRMED.